**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BUC-EE'S, LTD., | : | CASE NO. 3:26-cv-00272-MJN-CHG |
| Plaintiff, | : | JUDGE MICHAEL J. NEWMAN<br>MAGISTRATE JUDGE CAROLINE H. GENTRY |
| v. | : | |
| HANES ROAD CARRYOUT, INC., | : | **DEFENDANT HANES ROAD CARRYOUT, INC.'S MOTION FOR JUDICIAL NOTICE** |
| Defendant. | : | |

Pursuant to Federal Rule of Evidence 201, Defendant Hanes Road Carryout, Inc. ("Defendant" or "Hanes Road"), moves for judicial notice of public records identified below and attached as Exhibits 1 through 3 in connection with Defendant's Motion to Dismiss Plaintiff Buc-ee's, Ltd.'s Second Amended Complaint.

The exhibits include:

1. Selected United States Patent and Trademark Office records concerning the BEAVER'S registration;
2. Six-page City of Beavercreek Public Portal record for Permanent Sign-Commercial Permit No. C-19-092; and
3. Greene County Auditor's three-page 2025 "Tax Card" for 1592 Hanes Road.

Each exhibit is an official public record whose existence, source, dates, and facial contents are not subject to reasonable dispute; is referenced in or corresponds to Plaintiff's allegations; or is central to the Rule 12(b)(6) issues raised by the Amended Complaint.

A Memorandum in Support is attached.

Respectfully submitted,

COOLIDGE WALL CO., L.P.A.

By */s/ David P. Pierce*

David P. Pierce (0061972) Trial Attorney
Daniel J. Gentry (0065283)
33 W. First Street, Suite 600
Dayton, Ohio 45402
Tel.: 937-223-8177; Fax: 937-223-8711
Email: pierce@coollaw.com
gentry@coollaw.com

*Counsel for Defendant Hanes Road Carryout, Inc.*

## MEMORANDUM IN SUPPORT

## I. INTRODUCTION

Defendant Hanes Road Carryout, Inc. ("Hanes Road") asks the Court to consider and take judicial notice of three official records that bear on Plaintiff Buc-ee's, Ltd.'s ("Plaintiff" or "Buc-ee's") Second Amended Complaint (Doc. No. 7) (the "Amended Complaint") and Hanes Road's Motion to Dismiss. Although the Second Amended Complaint includes Exhibit E, it does not attach underlying documents relating to Buc-ee's claimed use. Those records provide context for Buc-ee's allegations. Under Federal Rule of Evidence 201, the records may be considered for their existence, source, dates, and facial contents without resolving disputed facts. Therefore, this Court should take judicial notice of the attached exhibits.

## II. STATEMENT OF FACTS

Buc-ee's bases its claim against Hanes Road on U.S. Registration No. 6,059,078 (the "'078 Registration") for the word "BEAVER'S." Buc-ee's filed its intent-to-use application on April 5, 2017 for "retail store services featuring convenience store items and gasoline;" the registration issued on May 19, 2020; and the registration is active. Am. Compl. ¶¶ 14–17.

The Second Amended Complaint now includes the '078 Registration certificate as Exhibit E. The certificate, however, does not include the underlying USPTO application, extension requests, Statements of Use, specimens, maintenance filings, or related prosecution records. Exhibit 1 to this Motion duplicates Exhibit 1 to the Motion to Dismiss. Exhibit 1 includes the milestones for the '078 Registration: the April 2017 intent-to-use application; the September 2019 fourth extension request; the March 2020 Statement of Use and original specimen; the registration certificate; the October 2025 Combined Sections 8 and 15 declaration and specimen; and the January 2026 USPTO acceptance and acknowledgment.

Buc-ee's Second Amended Complaint describes the April 2019 City of Beavercreek sign-permit process: an outdoor sign-permit application was filed on April 26, 2019; the City issued the permit on April 29, 2019; the BEAVER'S MINI MART sign was installed between permit issuance and July 2019; and Hanes Road undeniably had started using BEAVER'S MINI MART by April 29, 2019. *Id.* ¶¶ 25–29. Exhibit 2 is the City of Beavercreek Public Portal record for Permanent Sign-Commercial Permit No. C-19-092. It identifies the: business (BEAVER'S MINI MART); location and parcel (1592 Hanes Road; No. B42-0005-0011-0-0112-00); submission date (April 26, 2019); approval/issuance date (April 29, 2019); and a closure date (October 18, 2019) following inspection. It also describes the sign (a flush-mounted, single-faced panel-change wall sign) and building frontage (56 feet).

Buc-ee's relies on the nature and scale of the parties' respective retail operations in alleging likely confusion, while describing its own locations as unusually large destination travel centers. Am. Compl. ¶¶ 9–15, 47–49. Exhibit 2 is the Greene County Auditor's three-page 2025 "Tax Card" for 1592 Hanes Road, Parcel No. B42-0005-0011-0-0112-00. It classifies the land use ("420-SMALL (UNDER 10,000 SQ. FT.) DETACHED RETAIL STORES"); identifies zoning (commercial); and records ownership (Salem Ave Property LLC). The accompanying official property sketch describes the principal structure as 1,808 square feet. The official county record is objective context for Hanes Road's scale (i.e., not "Texas-sized" or anything approaching it).

## III. <u>LAW AND ARGUMENT</u>

### A. Fed. R. Evid. 201(b) Establishes the Legal Standard for Judicial Notice.

This Court may take judicial notice of an adjudicative fact that is not subject to reasonable dispute because it is generally known within the Court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R.

Evid. 201(b). The Court takes judicial notice after the requesting party supplies the information needed to satisfy these criteria. Fed. R. Evid. 201(c)(2).

At the Rule 12(b)(6) stage, a court ordinarily may not consider materials outside the pleadings without converting the motion into one for summary judgment. Even so, the Court may consider matters incorporated in the complaint, public record, or matters properly subject to judicial notice. *Wershe v. City of Detroit*, 112 F.4th 357, 372–73 (6th Cir. 2024) (citing *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008); *Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023). This Court can consider public records and documents referenced in and central to a complaint without converting a Rule 12(b)(6) motion into one for summary judgment. *Wershe* at 372-73; *Elec. Merch.* at 883.

Official agency records and government documents available from reliable public sources are appropriate subjects of judicial notice. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 630 F. Supp. 2d 842, 849 (S.D. Ohio 2007), *aff'd*, 552 F.3d 430 (6th Cir. 2008) (taking judicial notice of publicly filed corporate records and government information available through reliable Internet sources without converting a motion to dismiss); *Teal v. Argon Medical Devices, Inc.*, 533 F. Supp. 3d 535, 548 (E.D. Mich. 2021) (judicially noticed publicly available FDA materials discussed in the complaint).

**B. Exhibits 1—3 Qualify for Judicial Notice.**

The Court should take judicial notice of Exhibits 1 through 3 because each is an official government record from a source whose accuracy cannot reasonably be questioned, and bears on allegations or issues Buc-ee's placed before the Court. The records allow the Court to consider the official government materials underlying Buc-ee's trademark registration, alleged first-use, and marketplace-context.

The public records for which Hanes Road requests judicial notice include:

| Exhibit | Description | Source |
|---|---|---|
| **Exhibit 1** | Selected official USPTO TSDR records for Serial No. 87/399,816 and Registration No. 6,059,078, including the April 5, 2017 intent-to-use application; September 2019 extension request; March 2020 Statement of Use and specimen; registration certificate; October 2025 Combined Section 8 and 15 declaration and specimen; and January 2026 USPTO acceptance and acknowledgment | United States Patent and Trademark Office |
| **Exhibit 2** | City of Beavercreek Public Portal record for Permanent Sign-Commercial Permit No. C-19- | City of Beavercreek |
| **Exhibit 3** | 2025 "Tax Card" for 1592 Hanes Road, Parcel No. B42-0005-0011-0-0112-00 | Greene County Auditor |

1. <u>The Court should take judicial notice of the selected USPTO records.</u>

Exhibit 1 is judicially noticeable because it consists of official USPTO records for the very registration on which Buc-ee's bases its sole claim. The selected filings are not offered to challenge Buc-ee's constructive priority or incontestability. Rather, they provide the chronology Buc-ee's placed at issue and relate to Hanes Road's Rule 12(b)(6) arguments concerning actual marketplace use, intent, and registration versus infringement.

The Amended Complaint alleges: Buc-ee's applied to register BEAVER'S on April 5, 2017 for "retail store services featuring convenience store items and gasoline," the registration issued on May 19, 2020, and it is active. Am. Compl. ¶¶ 14–17. The Amended Complaint attaches the registration certificate as Exhibit E but does not include the underlying USPTO filings contained in Exhibit 1 attached to this Motion.

The April 2017 filing confirms that the application was based on "intent to use" (as distinguished from actual use, which had not started in 2017) under Section 1(b). The September 2019 fourth extension request states "STATEMENT OF USE: NO" (meaning that Buc-ee's had

not used the proposed mark in commerce) and identifies Buc-ee's ongoing efforts as "product or service research or development." The March 2020 Statement of Use provides a specimen (a window sticker) and claims that Buc-ee's first used the mark on December 17, 2019. The later 2025 Combined Sections 8 and 15 filing and January 2026 acknowledgment confirm the registration's status, while the later specimen (another window sticker) provides evidence of marketplace usage. Judicial notice of Buc-ee's USPTO submissions does not require the Court to resolve disputed issues.

2. <u>The Court should take judicial notice of the City of Beavercreek permit record.</u>

Exhibit 2 should be judicially noticed because Buc-ee's relies on the April 2019 City of Beavercreek sign-permit proceeding to construct an alleged first-use chronology. Buc-ee's alleges the application date (April 26, 2019); permit issuance (April 29, 2019); installation of the Beaver's Mini Mart sign (between permit issuance and July 2019); and usage date (April 29, 2019). Am. Compl. ¶¶ 25–29. Exhibit 2 is the official six-page public-portal record for Permit No. C-19-092. Hanes Road asks the Court to notice the official record's contents—not to reach disputed issues by inferring installation, inception, or duration.

3. <u>The Court should take judicial notice of Greene County Auditor property records.</u>

Exhibit 3 should be judicially noticed because the Amended Complaint places the nature and scale of the parties' retail operations at issue, and the official Greene County Auditor Tax Card provides context. Buc-ee's describes its own stores as unusually large destination travel centers and relies on the alleged overlap in the parties' retail services to support confusion. *See* Am. Compl. ¶¶ 9–15, 47–49. The 2025 Tax Card identifies the parcel, address, owner, tax district, commercial classification, land-use classification, improvements, and transfer history. It classifies 1592 Hanes Road as "420-SMALL (UNDER 10,000 SQ. FT.) DETACHED RETAIL STORES,"

with a principal structure covering 1,808 square feet. Hanes Road asks the Court to notice those facial characteristics of the official county record.

## IV. CONCLUSION

Each exhibit for which judicial notice is requested is an official government record from a source whose accuracy cannot reasonably be questioned, and each relates to Buc-ee's allegations or Rule 12(b)(6) issues. Judicial notice will give the Court the context for Buc-ee's registration, its alleged first-use, and marketplace distinctions without requiring the Court to resolve disputed trademark facts or draw contested inferences.

Accordingly, the Court should grant this Motion, take judicial notice of Exhibits 1 through 3 for the limited purposes described above, and consider those official records in resolving the Motion to Dismiss without converting it into a motion for summary judgment.

Respectfully submitted,

COOLIDGE WALL CO., L.P.A.

By */s/ David P. Pierce*
David P. Pierce (0061972) Trial Attorney
Daniel J. Gentry (0065283)
33 W. First Street, Suite 600
Dayton, Ohio 45402
Tel.: 937-223-8177; Fax: 937-223-8711
Email: pierce@coollaw.com
gentry@coollaw.com

*Counsel for Defendant Hanes Road Carryout, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's ECF System and copies will be mailed via email or U.S. Mail to those parties to whom electronic notice has not been sent. Parties may access the filing through the Court's system.

By */s/ David P. Pierce*
David P. Pierce

4905-8727-2413, v. 4