UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| BUC-EE'S, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>HANES ROAD CARRYOUT, INC.,<br><br>Defendant. | CIVIL ACTION NO. 3:26-cv-00272-MJN-PBS |

**BUC-EE'S RESPONSE TO SHOW CAUSE ORDER**

Plaintiff Buc-ee's, Ltd. ("Plaintiff" or "Buc-ee's"), appearing through its undersigned counsel, respectfully responds to the Court's November 10, 2026 Order Requiring Plaintiff to Show Cause Why the Case Should Not be Dismissed for Failure to Comply with Federal Rule of Civil Procedure 4(m). ECF 8.

On July 28, 2026, Buc-ee's filed the above-captioned action against Hanes Road Carryout, Inc. alleging violations of the Lanham Act for trademark infringement and unfair competition. ECF 1. Following its filing, Defendant made a number of public allegations regarding Defendant's marks, which prompted further investigation by Buc-ee's. Declaration of Christina J. Moser ("Moser Decl.") ¶ 3. During this time, the parties also engaged in discussions to ascertain whether an amicable resolution could be met. *Id.* ¶ 4. Following Buc-ee's additional investigation, on October 20, 2026, Buc-ee's filed an Amended Complaint alleging violation of 15 U.S.C. § 1114. ECF 6. Based on Defendant's prior offer to accept service, Buc-ee's forwarded a waiver of summons to Defendant on October 21, 2026. Moser Decl. ¶ 5.

On October 26, 2026, Defendant's counsel responded and informed counsel for Buc-ee's that the exhibits to the Amended Complaint had been filed incorrectly. *Id.* ¶ 6. After consulting

with the Clerk's office on the best way to correct the filing, on November 3, 2026, Buc-ee's filed a Second Amended Complaint containing corrected exhibits (ECF 7), and sought waiver of service the next day. Moser Decl. ¶ 7. On November 13, 2026, Defendant's counsel returned the waiver of service, which was promptly filed by Buc-ee's. ECF 9. On November 16, 2026, Defendant's counsel filed a notice of appearance, corporate disclosure statement, motion for judicial notice, and motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 10-14.

Rule 4(m) requires the district court to undertake a two-part analysis. *Stewart v. Tennessee Valley Auth.*, 238 F.3d 424 (6th Cir. 2000). First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. *Id.* If he has, then "the court *shall* extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time. *See Stewart*, 238 F.3d at 424. In other words, the court has discretion to permit late service even absent a showing of good cause. *See Henderson v. United States,* 517 U.S. 654, 662 (1996); *Rose v. Bersa*, 327 F.R.D. 628, 635 (S.D. Ohio 2018) ("Rule 4(m) permits a district court the discretion to allow late service, even where a plaintiff fails to demonstrate good cause.").

Good cause exists for the failure to effect service earlier. On October 20, 2026, Buc-ee's filed an Amended Complaint (ECF 6) and sought waiver of summons from Defendant on October 21, 2026. Moser Decl. ¶ 5. Buc-ee's could have served Defendant via process server that day, triggering a 21-day response deadline for Defendant. However, because the parties have been discussing settlement, Buc-ee's chose to work with Defendant to waive service, thereby giving Defendant additional time before its responsive pleading deadline. *Id.* Buc-ee's did not obtain a response from Defendant until October 26, 2026, 90 days after Buc-ee's initial complaint was

filed. *Id.* ¶ 6. At that time, Defendant's counsel informed counsel for Buc-ee's that the exhibits to the Amended Complaint had been filed incorrectly. *Id.* Buc-ee's promptly refiled the complaint as a Second Amended Complaint, and again sought waiver of service on November 4, 2026. *Id.* ¶ 7. The waiver was executed and returned to Buc-ee's on November 13, 2026 and filed that day. *Id.* Accordingly, the Court should extend the time for service for an appropriate period pursuant to Rule 4(m) for good cause.

However, if the Court determines that there was not good cause for the failure of service, the Court should exercise its discretion and extend the time for service under Rule 4(m). Courts within the Sixth Circuit consider the following seven factors when deciding whether to grant a discretionary extension of time in the absence of a finding of good cause: "(1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022).

Here, the factors weigh in favor of allowing additional time for service. *First*, service was perfected on November 13, 2026 when Defendant's waiver of service form was filed on the docket. ECF 9. This eighteen-day delay is not "well beyond the timely service of process." *See, e.g., Nuo v. Petrovic Trans Corp.*, No. 1:25-CV-01473, 2026 WL 1815269, at *3 (N.D. Ohio June 24, 2026)

(finding 60-day extensions to perfect service " have weighed in favor of granting a discretionary extension."); *see also Oakland Physicians*, 44 F.4th at 571 (finding 50 days past service deadline not a "very long time");

*Second*, Defendant will not be prejudiced by this short delay, and its responsive pleading is already on file and before the Court. *See, e.g., Rose*, 327 F.R.D. at 635 (finding defendant "has not suggested that any prejudice will result from the 24-day extension and the Court can think of none other than the inherent prejudice of having to defend itself in this suit."); *Smith v. Grady*, 960 F. Supp. 2d 735, 749 (S.D. Ohio 2013) ("[D]ismissal is not appropriate unless the party has been prejudiced."), quoting *Gottfried v. Frankel*, 818 F.2d 485, 493 (6th Cir. 1987).

*Third*, Defendant had actual notice of the lawsuit and has been in discussions with Buc-ee's regarding possible resolution of this action since August 5, 2026. Defendant also filed an appearance in the case and has filed a responsive pleading. *Burlingame v. Argo Priv. Client Grp. Ltd*, No. 5:25-CV-02800-JRA, 2026 WL 1978639, at *9 (N.D. Ohio July 8, 2026), *report and recommendation adopted sub nom. Burlingame v. Argo Priv. Client Grp. Ltd.*, No. 5:25CV2800, 2026 WL 2188903 (N.D. Ohio July 29, 2026) (finding defendants appearance in case through counsel demonstrated actual notice of the lawsuit); *Rose*, 327 F.R.D. at 635 (finding found persuasive defendant's retention of legal counsel, receipt of the complaint, participation in a telephone status conference, and willingness to "engage with the substance of the allegations.").

*Fourth*, while Buc-ee's claims would not be time-barred by dismissal of its complaint, the time and expense associated with dismissal would prejudice Buc-ee's. *Albert v. Unknown Individual Louisville Metro Police Officers*, No. 3:20-CV-418-RGJ, 2021 WL 1427338, at *9 (W.D. Ky. Apr. 15, 2021) (finding plaintiff would be prejudiced without extension because statute

of limitations necessitated immediate refiling and was a waste of the court's judicial resources and the parties' time).

*Fifth*, Buc-ee's made a good faith effort to effect proper service within the timeframe. As explained above, rather than serving Defendant via process server, Buc-ee's sought waiver of service in advance of the 90-day deadline to serve Defendant based on Defendant's prior agreement to waive service. *Zell v. Klingelhafer*, No. 2:13-CV-0458, 2014 WL 1400977, at *4 (S.D. Ohio Apr. 10, 2014) (finding good cause to extend service period, reasoning plaintiff attempted service prior to the deadline and reacted promptly when she learned defendant had not been served).[1]

*Sixth*, equitable factors favor extension of Buc-ee's time to serve Defendant. *See, e.g. Griffith v. Blankenship*, No. 1:24-CV-307, 2025 WL 3640887, at *4 (S.D. Ohio Dec. 16, 2025) (upholding discretionary Rule 4(m) extension where equities favored adjudicating excessive-force claim on the merits, defendants had notice and showed no prejudice beyond delay, and dismissal would impose unnecessary refiling costs).

Accordingly, Buc-ee's respectfully requests the Court extend its service deadline and deem waiver of service filed on November 13, 2026 timely.

[1] Because Buc-ee's is represented by counsel, the sixth factor weighs against an extension of the time to serve Defendant.

Dated: November 16, 2026

Respectfully submitted,

*/s/ Christina J. Moser*

Christina J. Moser (74817)
Melissa M. Bilancini (98510)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
(216) 621-0200
cmoser@bakerlaw.com
mbilancini@bakerlaw.com

*Attorneys for Plaintiff Buc-ee's, Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Christina J. Moser*

Christina J. Moser, #0074817
cmoser@bakerlaw.com
Melissa M. Bilancini, #98510
mbilancini@bakerlaw.com
Baker & Hostetler LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: 216.621.0200
Facsimile: 216.696.0740

*Attorneys for Plaintiff Buc-ee's, Ltd.*